UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT WADE CHRISTIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0541-JAM-EFB P<br><br>ORDER GRANTING IFP AND FOR PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED TO UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF CALIFORNIA |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　Request to Proceed In Forma Pauperis**

　　　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.　Screening Requirement**

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

### III.  Discussion

Plaintiff is an inmate confined to Folsom State Prison.  He alleges that defendants retaliated against him by attaching an "R suffix"[1] to his custody status, in violation of his rights under the First, Eighth and Fourteenth Amendments.  ECF No. 1.

Plaintiff claims that venue is proper in this district because "a substantial part of the events giving rise to the claim occurred at California Department of Correction and Rehabilitation."  *Id.* ¶ 8.  He also claims that the events giving rise to this lawsuit occurred at both the California Men's Colony and in Folsom County [sic].  *Id.* ¶ 20.  In the section of the complaint identifying the parties, plaintiff lists each defendant as being an "employee at Folsom State Prison" when the alleged wrong "was committed."  *Id.* ¶¶ 10-19.

The defendants who allegedly applied the "R suffix," however, are alleged to be members of the Inmate Classification Committee for the California Men's Colony.  *Id.* at 7 ("I was seen by CMC West, Inmate Classification committee Members-(ICC) T. KING, (Chairperson), B. Speer, (CCII); L. Romero, A. Orozco, (Recorder)CCIII), M. Phillips(CCII)(CC-IIA) and based solely on the Police Report they applied the 'R-Suffix' to my custody 6-years after.").  Apart from plaintiff's vague allegation that the "Folsom ICC" refused to remove the "R suffix," *id.* at 9, there is no indication that any part of plaintiff's claims arose in Folsom, or that venue is otherwise proper in this district.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, must be brought in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

---

[1] Pursuant to Title 15, section 3377.1 of the California Code of Regulations, inmates with a history of specific sex offenses are assigned an "R" suffix custody designation.

of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The allegations here that officials at the California Men's Colony violated plaintiff's constitutional rights arose in San Louis Obispo County, which is in the Central District of California, suggest that this action should have been brought in the United States District Court for the Central District of California.  Although the complaint includes conclusory allegations that venue is proper in this district, it is devoid of any specific allegations to demonstrate the same.

**IV.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff shall show cause, within thirty days of the date of service of this order, why this action, which appears to be based upon events that arose at the California Men's Colony, should not be transferred to the United States District Court for the Central District of California.

DATED: June 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE